Marcus BYNUM, et al., Plaintiffs,

v.

DISTRICT OF COLUMBIA,
et al., Defendants.

No. CIV.A. 02–956(RCL).

United States District Court,
District of Columbia.

Nov. 18, 2002.

William Claiborne, Lynn E. Cunningham, The George Washington University Law School, Washington, DC, Barrett S. Litt, pro hac vice, Paul J. Estuar, pro hac vice, Los Angeles, CA, for Plaintiffs.

Maria Claudia Amato, Leonard Harry Becker, Office of Corp. Counsel, DC, Washington, DC, for Government of District of Columbia, defendant.

Leonard H. Becker, Washington, DC, for Odie Washington, defendant.

### *MEMORANDUM AND ORDER*

LAMBERTH, District Judge.

This matter comes before the Court on defendants' motion to dismiss plaintiffs' second amended complaint [12–1], which was filed on August 23, 2002. Upon consideration of this motion, the opposition thereto, defendants' reply brief, the oral arguments of counsel, and the applicable law, the Court finds that defendants' motion should be denied.

Plaintiffs' second amended complaint alleges that officials of the D.C. Jail conduct strip searches upon inmates who return to the jail after receiving release orders. These searches are allegedly performed before the inmates are returned to the general prison population to await the results of a search for additional criminal charges against them. Defendants have moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), on the grounds that these allegations fail to state a claim for relief under the Fourth and Fourteenth Amendments.

When assessing a motion to dismiss under Rule 12(b)(6), plaintiffs' factual allegations must be presumed to be true and should be liberally construed in their favor. *Phillips v. Bureau of Prisons,* 591 F.2d 966, 968 (D.C.Cir.1979); *Alexander v. FBI,* 971 F.Supp. 603, 608 (D.D.C.1997). The complaint should be dismissed only if it appears beyond doubt that, under any reasonable reading, plaintiffs will be unable to prove any set of facts that would justify relief. *Haynesworth v. Miller,* 820 F.2d 1245, 1254 (D.C.Cir.1987).

The Supreme Court has set forth the applicable standard for assessing the rea-

sonableness of searches performed upon incarcerated persons:

> The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application. In each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.

*Bell v. Wolfish*, 441 U.S. 520, 559, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Applying this test, the Northern District of Illinois found that, in circumstances similar to the instant case, the Fourth Amendment had been violated. In *Gary v. Sheahan*, No. 96–C–7294, 1998 WL 547116, *1, 1998 U.S. Dist. LEXIS 13378, at *4 (N.D.Ill. Aug. 19, 1998), the Cook County Department of Corrections strip-searched all female inmates who had received release orders before returning them to jail to await release. After balancing the jail's need for security against the privacy interests of the inmates, the court held that the policy of strip-searching all female court returns violated the Fourth Amendment. *Id.* at **14–15, 1998 U.S. Dist. LEXIS 13378, at **40–41. It decided that the jail should detain inmates who had received release orders in a receiving area while it determined that there were no outstanding warrants against them. *Id.*, 1998 WL 547116, *14, 1998 U.S. Dist. LEXIS 13378, at *40. Because there would be no need to return the inmates to the jail during this assessment, there would be no need for any of them to be strip-searched unless the discovery of an outstanding warrant required her return to the jail population. *Id.*

Given the holding in *Gary*, it does not appear to this Court that it will be impossible for plaintiffs to establish a set of facts that would mandate relief under the Fourth and Fourteenth Amendments. Defendants attempt to distinguish *Gary* on the grounds that plaintiffs do not allege that the D.C. Jail has the ability to detain inmates in a receiving area pending a check for outstanding warrants. But plaintiffs are not required to make such an allegation in their complaint. All that is required is for them to have stated a "short and plain statement of the claim showing that [they are] entitled to relief." This they have done. The strip-search claim represents a valid claim for relief under the Fourth and Fourteenth Amendments, and it would be inappropriate for this Court to order dismissal of this claim.

The scope of this ruling should not be overstated. The Court makes no finding today as to whether defendants' strip-search policy does or does not violate the Fourth and Fourteenth Amendments. Instead, the Court has simply determined that it is unable to find as a matter of law that this part of plaintiffs' complaint should be dismissed at this initial stage of the proceedings.

Defendants have failed to demonstrate that they are entitled to judgment as a matter of law on plaintiffs' allegation that their policy of strip-searching inmates violates the Fourth and Fourteenth Amendments. Accordingly, it is hereby

ORDERED that defendants' motion to dismiss [12–1] be, and hereby is, DENIED.

SO ORDERED.